# Pickersgill *versus* Myers and the Lycoming Fire Insurance Company.

1. Where an attachment is issued against an insurance company, and subsequently said company dissolves under the provisions of the Act of May 1st 1876, Pamph. L. 66, a receiver being appointed, this circumstance does not afford sufficient ground for dissolving the attachment. Although the corporation as a legal entity is extinguished, the receiver has, under the provisions of section 49 of the above Act, ample power to prosecute and defend suits.

2. In such case, the proper course for the plaintiff is to have the receiver substituted and then to prosecute his suit.

February 13th and 14th 1882. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, J J.

Error to the Court of Common Pleas of *Lycoming county :* of January Term 1882, No. 316.

On August 24th 1880, S. J. Myers gave to William Pickersgill, Jr., his judgment note for $329.05. Pickersgill entered up this note on September 11th 1880. The same day he issued a writ of attachment execution, wherein The Lycoming Fire Insurance Company was summoned as garnishee, it being alleged that said company was indebted to the defendant Myers for a certain loss sustained under a cash policy issued by said company. Said company, in response to interrogatories, answered that it was not indebted to Myers, and subsequently being ruled to plead, pleaded "nulla bona." The cause was continued by the court from time to time and was never tried.

On October 8th 1881, The Lycoming Fire Insurance Company dissolved and its effects were ordered to be distributed in the manner provided by the Acts of April 4th 1873, Pamph. L. 20 and May 1st 1876, Pamph. L. 66. J. A. Beeber, Esq., was appointed receiver. On December 31st 1881, the receiver presented a petition setting forth the foregoing facts and praying for a rule to show cause why the attachment should not be dissolved.

[Pickersgill *v.* Myers.]

The rule was granted and after argument, was made absolute by the court, in an opinion by CUMMIN, P. J. Plaintiff thereupon took this writ of error, assigning for error the action of the court in making the rule absolute.

*A. D. Hower*, for the plaintiff in error.—It is true that the corporation became by its dissolution civilly dead, nevertheless under the Act of May 1st 1876, Pamph. L. 66, the receiver is vested with ample powers to carry on or defend suits. It was therefore error to dissolve the attachment.

*H. W. Watson* and *H. C. McCormick* (with whom was *J. J. Metzger*), for the receiver.—Upon the dissolution of the corporation it became civilly dead and all suits against it abated as of course: National Bank *v.* Colby, 21 Wall. 609; Building Association *v.* Anderson, 7 Phila. 106; Henry *v.* Kishbach, 5 Luz. Leg. Reg. 90; Dean & Son's Appeal, 11 W. N. C. 26; Mumma *v.* The Potomac Co., 8 Peters 281; McCullough *v.* Norwood, 58 N. Y. 562.

No suit can be proceeded with without making the receiver a party. But there is no provision in the Act of 1876, by which he can be compelled to become a party to any suit or proceeding existing prior to his appointment; consequently, it is optional with him, representing as he does both the dissolved corporation and its creditors, to ask the court to authorize him to proceed with the suit or defend.

There was no application in this case to have the receiver made a party. Any such application must have at any rate failed. The possession of the receiver is the possession of the court: Robinson *v.* Atlantic & Gt. W. R. Co., 16 P. F. Smith 160. The court will take care of the interests of creditors: Wiswall *v.* Sampson, 14 Howard 52.

It has been repeatedly decided that the receiver of a corporation cannot be made a party to any suit without the consent of the court appointing him, because he acts as an officer of the court, and is under its protection and control: Wray *v.* Hazlett, 6 Phila. 155; Daniel's Chancery Practice 1744; Kennedy *v.* R. R. Co., 3 Fed. Reporter, 97; In re Globe Fire Ins. Co., 6 Paige Ch. Rep. N. Y. 102.

When a party claims title paramount to that of the receiver he must apply to the court for leave to proceed to assert his right, notwithstanding the appointment of a receiver: De Groot *v.* Jay, 30 Barb. 483.

Mr. Justice GORDON delivered the opinion of the Court, March 13th 1882.

As against the Lycoming Insurance Company, the effect of Pickersgill's attachment was to substitute him to the rights of Myers. If at the time of the service of that writ, the company was indebted to Myers, by force of the operation of the attachment Act that debt was transferred to the plaintiff. Thus Pickersgill stood in the place of Myers; he had the undoubted right to come in upon the fund in the receiver's hands for any distribution that might fall to the account of Myers.

But if he took the place of his debtor, he had a right to have, by some means, a legal settlement and liquidation of the debtor's claim against the garnishee. All this is too obvious and plain for discussion. But the court has stepped in and disolved the attachment, and this, not because of any defect in the proceedings, or any want of right in the plaintiff, but because, since the date of the issuing of the writ, the garnishee has been dissolved and its effects put into the hands of a receiver. The result of this action has been, not only to bar the plaintiff's right to pursue the company, but also to defeat his right of substitution to the place of his debtor. The dissolution of the company, if the doctrine of the court below be sound, has had the effect to retransfer to Myers that which the statute had previously transferred to his creditor, Pickersgill, and he now finds himself repossessed of that of which he had been legally dispossessed. It must be obvious that in this there is something wrong. Shall the dissolution of the insurance company so operate as to exempt the property of Myers from seizure for the payment of his debts? or shall the plaintiff thus be stripped of his lawful lien upon his debtor's property? We cannot agree thus to construe the law.

But it is said, this corporation, as a legal entity, was utterly and forever extinguished by the decree for its dissolution. This is no doubt true: Dean's Appeal, 2 Out. 101; and had the legislature made no provision for an emergency of this kind, the plaintiff's case would be hopeless, as would be the case of every other creditor. But this difficulty is met by the 49th section of the Act of May 1st 1876, which creates for the dissolved corporation a representative fully competent to take its place. By the section cited it is provided, that the receiver to be appointed by the court, shall have power " to prosecute and defend suits in the name of the corporation or otherwise, and to do all other acts which might be done by such corporation, if in being, that are necessary for the final settlement of the corporation."

It thus certainly appears that the receiver is clothed with ample power to close up all the unsettled business of the defunct company, and especially has he the power to prosecute and defend suits.

We cannot see, therefore, upon what principle the plaintiff

[Watsontown Car Manufacturing Co. *v.* Elmsport Lumber Co.]

was turned out of court. He had a suit pending against the company; the claim he represented was unsettled, and both suit and claim were covered by the provisions of the statute. We think, then, that it conclusively follows, that there was nothing in the way of the substitution of the receiver and prosecution of the suit to judgment.

The order dissolving the attachment is now reversed and set aside, and it is ordered that the record in this case be remitted to the court below for further proceedings.